UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES,

        Plaintiff,

 -against-                7:12-CV-0150 (LEK/TWD)

DAYNA L. SCOTT, *also known as*
DANYA L. PREMO,

        Defendant.

## DECISION and ORDER

**I. INTRODUCTION**

On January 21, 2012, Plaintiff commenced this action alleging that Defendant Dayna L. Scott ("Defendant") defaulted on a promissory note. Dkt. No. 1 ("Complaint"). Currently before the Court is Plaintiff's Motion for a default judgment brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Dkt. No. 7 ("Motion").

**II. BACKGROUND**

Defendant is a resident of Massena, New York. Compl. ¶ 2. The Complaint alleges that he Defendant executed a promissory note to secure loans from the Department of Education and that has she failed to repay the loans in full. See generally id. Plaintiff alleges that as of September 29, 2009, the principal after application of all prior payments, credits, and offsets was $2,436.15, the capitalized interest balance and accrued interest was $497.83, and the total amount owed by Defendant to Plaintiff (the sum of the two prior dollar amounts) was $2,933.98. Dkt. No. 1-1 at 2. Defendant did not file an answer to the Complaint, and on February 28, 2012, Plaintiff filed a Request for an entry of default. Dkt. No. 5. On February 29, 2012, the Clerk of the Court filed an

Entry of default against Defendant. Dkt. No. 6. In its Motion, Plaintiff requests that the Court order that Plaintiff is entitled to recover "the principal sum of $2,436.15 plus accrued interest at 2.48% per annum from April 17th, 2003 in the sum of $536.47 in addition to attorney's fees of $891.79 plus process server fees of $55.00 for a total judgment of $3,919.41 and other costs and expenses as taxed by the Clerk." Mot. at 6.

### III.  DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" United States v. Simmons, No. 5:10-CV-1272, 2008 WL 685498, at *2 (N.D.N.Y. Mar. 2, 2012) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." Id. (internal quotation marks omitted); see also FED. R. CIV. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" Simmons, 2008 WL 685498, at *2 (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" Id. (quotation omitted); see also FED. R. CIV. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v.

2

Koegel, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); see also Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Intern., 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quotation omitted).

The moving party also must include an affidavit setting forth that: (1) the responding party is not an infant, incompetent, or in the military service; (2) the responding party has defaulted in appearance in the action; (3) service was properly effected under Rule 4 of the Federal Rules of Civil Procedure; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. See N.D.N.Y. L.R. 55.2(a).

Here, Plaintiff has failed to comply with the Federal and Local rules, and so the Court denies Plaintiff's Motion without prejudice. Plaintiff has failed to provide the proper affidavit accompanying its Motion. If Plaintiff wishes to file a new motion for default judgment, it must do so within thirty (30) days. Its new motion must conform with Federal and Local Rules of Procedure and must contain supporting documentation required by statute and rule.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 7) is **DENIED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to file a new motion for default judgment, it must do so **within thirty (30) days**. Its new motion must conform with the Local Rules and the Federal Rules of Civil Procedure and must contain supporting documentation required by statute and rule; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: January 10, 2013
Albany, New York

Lawrence E. Kahn
U.S. District Judge